**FILED**

OCT -6 2020

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERRY LYNN DOW, )
)
Plaintiff, )
) Civil Action No. 1:20-cv-02486 (UNA)
v. )
)
DEBBIE STABENOW, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous. Plaintiff has also filed a motion for restraining order and preliminary injunction, which will be denied.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Lapeer, Michigan, brings suit against numerous defendants, ranging between federal agencies, private corporations, air force bases, movie studios, and the United Nations. The prolix complaint alleges that, in 2016, on her way to a job interview in Washington state, and on other occasions in both Idaho and Michigan, plaintiff was "targeted by U.S. and foreign militarys' [sic] intelligence surveillance, dangerous, lethal aeronautic weaponry." She

further alleges that defendants "bundled weapons consist[ing] of ultra and infrasonic (multiple intensity] communications, illegal interrogations, demeaning (foul) satanic content, and pornography disgusting graphics." She demands both money damages and equitable relief.

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief or establish jurisdiction, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed.

The motion for protective order and preliminary injunction advances the same incongruous allegations, which do not warrant injunctive relief. "The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–3 (D.D.C. 2007) (internal quotation marks and citation omitted). Plaintiff abjectly fails to meet this standard, and the motion for preliminary injunction is therefore denied.

A separate order accompanies this memorandum opinion.

Date:   September 29, 2020             ___/s/_____
                                        RUDOLPH CONTRERAS
                                        United States District Judge